UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON ALVIN ACKERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELLIOTT, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-2205 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a former county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On January 25, 2022, it was recommended that this action be dismissed based on plaintiff's failure to pay the fee or file a request to proceed in forma pauperis. However, on January 28, 2022, plaintiff filed the request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The findings and recommendations are vacated.

　　　　Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

In his first claim, plaintiff alleges the following. On November 6, 2021, Sgt. Cuneo and cert team members used excessive force on plaintiff while he was housed at the Sacramento County Jail. Defendant Elliott struck plaintiff in the face multiple times. After plaintiff was on the ground, and defendants had full control, defendant Hill tasered plaintiff on his back and booty, resulting in "burned scar tissue." (ECF No. 1 at 3.) When plaintiff asked defendant Elliott why are you doing this, Elliott responded, "Shut up Nigga." (Id.)

In his second claim, plaintiff claims violations of his Fourth, Eighth, Fourteenth, and Fifteenth Amendment rights. While his allegations are not entirely clear, he contends he was denied his due process rights to file a grievance, and complains that the sheriff's department is not allowing plaintiff to review the video of the incident so that plaintiff can identify the deputies involved, or to offer proof he was tasered.

Plaintiff seeks, *inter alia*, money damages.[1]

Discussion

Initially, the undersigned observes that plaintiff's complaint does not clearly identify the individuals he intends to name as defendants. In the caption of the complaint, he lists defendants Elliott, Hill, Azevedo, and Arcineda. However, in the defendants' section of the complaint, where plaintiff is to identify each individual named as a defendant, and set forth the individual's position and title and where he or she works, plaintiff inexplicably wrote "none" in each of the

---

[1] In the alternative, plaintiff seeks early release from prison. However, plaintiff may not obtain release from prison through a civil rights action. Rather, plaintiff may only obtain release by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).

3

areas provided. Then, in the body of his complaint, plaintiff includes a new name, Sgt. Cuneo. Plaintiff is advised that his complaint must clearly identify each individual he seeks to sue in this action, and the caption must include each defendant's name. Moreover, plaintiff includes no charging allegations as to defendants Azevedo and Arcineda. Plaintiff must set forth specific facts as to each named defendant, setting forth what each individual did to violate plaintiff's constitutional rights.

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)). To prove an excessive force claim under § 1983, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. "A court (judge or jury) cannot apply this standard mechanically." Id. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" Id. (quoting Graham, 490 U.S. at 396); accord Lombardo v. City of St. Louis, 141 S. Ct. 2239, 2241-42 (2021) (per se rule that use of prone restraint is constitutional so long as individual appears to resist officers' efforts to subdue him would be improper because it would "contravene the careful, context-specific analysis required" in excessive force cases).

There are several considerations that may bear on the reasonableness of the force used including, but not limited to, "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Kingsley, 576 U.S. at 397. Because the Kingsley standard applicable to excessive force claims by pretrial detainees is purely objective, a plaintiff need not prove whether the defendant understood that the force used was excessive or intended it to be excessive. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc). A pretrial detainee can prevail by providing "'objective evidence that

4

the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.'" Id. (quoting Kingsley, 576 U.S. at 397-98).

Here, it appears plaintiff may be able to state a cognizable excessive force claim against defendant Hill, who allegedly tasered plaintiff while he was on the ground, and defendant Elliott, who allegedly struck plaintiff in the face multiple times. But plaintiff fails to address what prompted the officers to enter his cell, the severity of the security problem at issue; or the threat reasonably perceived by the officer. Accordingly, plaintiff is granted leave to amend to address such issues.

Plaintiff also alleges defendant Elliott said "Shut up Nigga." Most verbal harassment by jail deputies or prison guards does not rise to the level of cruel and unusual punishment. See, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) (allegations that prison guards called him names was not sufficient to allege a constitutional violation); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983). Thus, to the extent plaintiff alleges his rights have been violated by Elliott's repulsive language, Elliott's statement, standing alone, does not rise to the level of a constitutional violation.

And, while plaintiff alleges that Sgt. Cuneo used excessive force, plaintiff may not rely on such a conclusory statement. Rather, plaintiff must set forth specific facts as to what Sgt. Cuneo did that constitutes excessive force, using the standards set forth above. If plaintiff intends to pursue excessive force allegations as to defendants Azevedo and Arcineda, plaintiff must do the same.

Finally, plaintiff's second claim fails to state a cognizable civil rights claim. Aside from failing to identify who denied plaintiff the ability to file a grievance, a defendant's actions in refusing or responding to plaintiff's appeals, standing alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a

procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

As to plaintiff's allegations concerning an inability to gather evidence, for example, the videotape of the incident, plaintiff may seek such evidence through discovery once defendants have been served and appeared in the action and the court has issued a discovery and scheduling order.[2] Such issues do not constitute constitutional violations.

Therefore, for all of the above reasons, plaintiff's complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266,

---

[2] Once plaintiff learns the identities of such parties, he must promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after the action commenced.

268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, along with his complaint, plaintiff submitted a document styled, "Motion to Petition Due to [Due Process] Violations." (ECF No. 2.)  To the extent plaintiff asks the court to "answer the petition," his request is granted by this screening order.  Plaintiff's motion contained allegations not included in the complaint.  Plaintiff is cautioned that all factual allegations must be included in one pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 6) are vacated.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's complaint is dismissed.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

6. Plaintiff's motion (ECF No 2) is partially granted.

Dated: February 3, 2022

/acke2205.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON ALVIN ACKERSON,<br><br>        Plaintiff,<br><br>  v.<br><br>ELLIOTT, et al,<br><br>        Defendant. | No.  2:21-cv-2205 KJN P<br><br><br>NOTICE OF AMENDMENT |

      Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____      Amended Complaint

DATED:

                                                _____

                                                Plaintiff