UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON ACKERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELLIOTT, et al.,<br><br>　　　　Defendants. | No.  2:21-cv-2205 WBS KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se.  On September 12, 2022, plaintiff filed a request to subpoena certain documents.  Plaintiff seeks various documents and video recordings from nonparty Sacramento County Sheriff Scott Jones.  As discussed below, plaintiff's request is denied.

Applicable Law

Pursuant to Federal Rule of Civil Procedure 45(a)(2), a subpoena duces tecum may direct a non-party to an action to produce documents or other tangible objects for inspection.  A subpoena must be personally served or it is null and void.  Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958).  Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal.  28 U.S.C. § 1915(d).  However, this court must consider the following

////

1

limitations before directing the United States Marshal to personally serve a prisoner's proposed subpoena duces tecum.

A subpoena duces tecum is subject to the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and the considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1).  The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery") (citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla.1984)); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir.1982) (court may award costs of compliance with subpoena to non-party).  Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors.  Badman, 139 F.R.D. at 605.  In addition, a motion authorizing service of a subpoena duces tecum must be supported by:  (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party.  See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010).

Discussion

This action proceeds against defendants Deputy Elliott, Deputy Hill, and Sgt. Cuneo. Plaintiff seeks copies of complaints or other civil actions contained in the employment records of the named defendants, video surveillance footage, jail policies and electronic communications. (ECF No. 25 at 2.)  However, plaintiff fails to demonstrate that such items cannot be obtained through discovery propounded to the named defendants.  For example, plaintiff could submit a request for production of documents and other tangible items to counsel for defendants. Accordingly, plaintiff's request for a subpoena duces tecum is denied.

////

////

Accordingly, IT IS HEREBY ORDERED that plaintiff's request (ECF No. 25) is denied without prejudice.

Dated: September 26, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/acke2205.sdt