UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON ACKERSON, | No. 2:21-cv-2205 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| ELLIOTT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff's requests concerning discovery and appointment of counsel are before the court. As discussed below, plaintiff's requests are denied, but consideration of defendants' motion for summary judgment is deferred pending plaintiff's review of the video footage and completion of amended briefing.

Background

On June 15, 2022, the first discovery and scheduling order issued, setting a discovery deadline for October 21, 2022, and a January 13, 2023 pretrial motions deadline. (ECF No. 21.) Plaintiff's motion to extend the discovery deadline was granted; on November 1, 2022, the discovery deadline was extended to November 25, 2022, and the pretrial motions deadline was extended to February 13, 2023. (ECF No. 28.)

////

1

On December 6, 2022, plaintiff's second motion to extend the discovery deadline was granted; the discovery deadline was extended to January 6, 2023, and the pretrial motions deadline was extended to March 6, 2023.  (ECF No. 32.)  In all other respects the discovery and scheduling order (ECF No. 21) remained in effect.  (ECF No. 28.)

On March 1, 2023, defendants' request to extend the pretrial motions deadline was granted and extended to April 27, 2023.  (ECF No. 38.)

On April 27, 2023, defendants filed a motion for summary judgment; plaintiff filed an opposition, and defendants filed a reply.  (ECF Nos. 41, 44, 45.)

On June 1, 2023, plaintiff filed the instant requests.  (ECF No. 46.)

<u>Governing Rule</u>

Rule 56(d) provides:

> (d) If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Pursuant to Federal Rule of Civil Procedure 56(d)(2), if plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose defendants' motion for summary judgment, the court may defer ruling on the motion to allow time for further discovery.  In order to gain a continuance under Rule 56(d), plaintiff must identify by affidavit the specific facts that further discovery would reveal and explain why those facts would preclude summary judgment.  <u>Tatum v. City and County of Sacramento</u>, 441 F.3d 1090, 1100 (9th Cir. 2006); <u>Tuvalu v. Woodford</u>, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).  Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists and demonstrating that the evidence sought actually exists and that it would prevent summary judgment.  <u>Blough v. Holland Realty, Inc.</u>, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009).

Discovery

Importantly, plaintiff did not provide an affidavit, but claims that the video of the incident would demonstrate defendants' use of excessive force. Plaintiff contends he has a miscommunication with counsel for defendants about plaintiff's discovery. (ECF No. 46 at 1.) Plaintiff claims he was emailing defendants' counsel about plaintiff's discovery. On November 22, 2022, plaintiff sent defense counsel plaintiff's "interrogatories responding to Dep. Hill and Dep. Elliott," and told her that was plaintiff's discovery in an e-mail that she should have on file for the court to see. (Id.) However, defense counsel responded that plaintiff did not give her any discovery. Plaintiff states he asked for the cameras from 5E300 pod because it should show the use of excessive force by defendants. (Id.)

It appears that plaintiff did not retain copies of the purported discovery requests. Earlier in this case, nonparty inmate Leonard Ransom, Jr., filed a declaration stating that on or about mid November of 2022, he served, by mail on counsel for defendants, interrogatories propounded to defendants Elliott and Hill, with a letter of explanation as to who he is and why he was mailing them.[1] (ECF No. 34.) At that time, Ransom prepared a declaration of service by mail and when Ransom mailed the documents, Ransom completed an institutional proof of service and sent that to the High Desert State Prison's mailroom, which they returned (after the mail was sent out), confirming the mail went out. Once High Desert State Prison resumed normal programming, Ransom provided the proof of service to plaintiff. (ECF No. 34.) However, neither Ransom nor plaintiff provided a copy of the proof of service. In addition, it appears that the mailing of such discovery requests on November 22, 2022, or in "mid November," was untimely, given the discovery and scheduling order required discovery requests to be served sixty days prior to the discovery deadline. Further, plaintiff failed to timely file a motion to compel discovery responses.

The operative discovery and scheduling order provided detailed information concerning

---

[1] On January 12, 2023, this document was disregarded because no discovery motion was pending, and the filing contained no certificate of service attesting to service on plaintiff or counsel for defendants. (ECF No. 35.)

discovery and clearly noted the deadline for filing a motion to compel a discovery response. (ECF No. 21 at 4-5.) The discovery deadline was extended twice at plaintiff's request. Plaintiff provides no explanation for his delay in seeking court intervention, or why he waited until defendants' motion for summary judgment was fully briefed before filing the instant requests. Therefore, to the extent plaintiff seeks to reopen discovery for plaintiff to propound interrogatories anew, such request is denied as untimely.

That said, defendants do rely on video footage in support of their motion for summary judgment. (ECF Nos. 41-4 at 2; 41-5 at 1-3.) Defendants provided a proof of service attesting to service of the motion and supporting documents on plaintiff, but there is no indication that plaintiff was provided an opportunity to review such video evidence.

Therefore, defendants are directed to make arrangements with the litigation coordinator at High Desert State Prison for plaintiff to view the video footage relevant to plaintiff's excessive force claims herein and taken at the Sacramento County Main Jail on January 6, 2021, including but not limited to video footage relied upon by defendants in their pending motion. Plaintiff shall be provided a room in which to view the video footage, sufficient paper and pen to take notes, and sufficient time to complete review of the video footage provided. Plaintiff shall file any amended opposition within thirty days after plaintiff completed the video review. Fourteen days thereafter, defendants may file an amended reply. Consideration of defendants' motion for summary judgment (ECF No. 41) is deferred pending plaintiff's review of the video footage and completion of the amended briefing, if any. Fed. R. Civ. P. 56(d).

Plaintiff is encouraged to promptly review the video footage and timely file any amended opposition.

Renewed Motion for Counsel

Plaintiff renewed his request that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.

4

1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's untimely motion to reopen discovery (ECF No. 46) is denied.

2. Plaintiff is granted leave to view all video footage relevant to plaintiff's excessive force claims herein and taken at the Sacramento County Main Jail on January 6, 2021, including but not limited to the video footage relied upon by defendants in their pending motion.

3. Within fourteen days from the date of this order, counsel for defendants shall make arrangements for plaintiff to view all video footage relevant to plaintiff's excessive force claims herein and taken at the Sacramento County Main Jail on January 6, 2021, including but not limited to the video footage relied upon by defendants in their pending motion.

4. Prison officials at High Desert State Prison shall provide plaintiff a room in which to view such video footage, sufficient paper and pen to take notes, and sufficient time to complete review of the video footage provided by counsel for defendants.

5. Within thirty days from the date plaintiff completes his review of the video footage, plaintiff may file an amended opposition to defendants' motion for summary judgment (ECF No. 41).  Fourteen days thereafter, defendants may file an amended reply.

6. Consideration of defendants' motion for summary judgment (ECF No. 41) is deferred pending plaintiff's review of the video footage and completion of the amended briefing, if any.

7. Plaintiff's motion for appointment of counsel (ECF No. 46) is denied without

prejudice.

8. Plaintiff's request for status (ECF No. 47) is denied as moot.

9. The Clerk of the Court shall serve a copy of this order on the Litigation Office at High Desert State Prison.

Dated: October 16, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/acke2205.dsc.31