UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON ACKERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ELLIOTT, et al.,<br><br>        Defendants. | No. 2:21-cv-2205 WBS KJN P<br><br><br>ORDER |

      Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On October 16, 2022, the court ordered defendants to make arrangements for plaintiff to view the video footage relevant to plaintiff's excessive force claims. On October 27, 2023, plaintiff filed objections to the order.

      Plaintiff asks the court to compel defendants to produce all the video footage, not just the video footage submitted in support of their pending motion. However, the court already ordered defendants to produce all the available video footage relevant to plaintiff's excessive force claims. (ECF No. 48.) While the order included the footage upon which defendants relied in their pending motion, such order was not limited to such footage. Thus, plaintiff's objections are overruled. Defendants shall file a notice setting forth what footage was provided for plaintiff's review and the date plaintiff completed such review. If plaintiff relies on video footage that was not provided by defendants with their motion for summary judgment, plaintiff shall specifically

identify such footage in his amended opposition, and defendants shall provide such footage to the court with their amended reply. Plaintiff's request for an evidentiary hearing to review the video footage is not necessary because the court will review the pertinent video footage in deciding the motion for summary judgment.

Plaintiff also asks the court to reopen discovery and appears to claim that he was prevented from obtaining defendants' responses to written interrogatories because of his inability to attend the law library more frequently. But again, plaintiff failed to provide a copy of the purported interrogatories and does not identify what information he sought that is required to rebut defendants' motion for summary judgment. Plaintiff again fails to demonstrate good cause to reopen discovery or his diligence in seeking discovery. Despite the untimeliness issue, plaintiff is being provided access to the available video taken at the Sacramento County Main Jail on January 6, 2021. In reviewing the video footage, plaintiff should keep in mind that whether or not a defendant used objectively unreasonable force is a question of fact based on the circumstances surrounding the use of force. (ECF No. 10 at 4-5.)[1]

---

[1] The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)). To prove an excessive force claim under § 1983, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. "A court (judge or jury) cannot apply this standard mechanically." Id. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" Id. (quoting Graham, 490 U.S. at 396); accord Lombardo v. City of St. Louis, 141 S. Ct. 2239, 2241-42 (2021) (per se rule that use of prone restraint is constitutional so long as individual appears to resist officers' efforts to subdue him would be improper because it would "contravene the careful, context-specific analysis required" in excessive force cases).

There are several considerations that may bear on the reasonableness of the force used including, but not limited to, "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Kingsley, 576 U.S. at 397. Because the Kingsley standard applicable to excessive force claims by pretrial detainees is purely objective, a plaintiff need not prove whether the defendant understood that the force used was excessive or intended it to be excessive. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc). A pretrial detainee can prevail by providing "'objective evidence that the challenged governmental action is not rationally related to a legitimate governmental

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections (ECF No. 49) are overruled;

2. Within fourteen days after plaintiff has viewed the video footage, defendants shall file a notice setting forth what footage was provided for plaintiff's review and the date plaintiff completed such review;

3. If plaintiff relies on video footage that was not relied upon by defendants in their motion for summary judgment, plaintiff shall specifically identify the video footage in his amended opposition; and

4. If plaintiff relies on video footage not submitted in connection with defendants' motion for summary judgment, defendants shall provide the court with such video footage with their amended reply.

Dated: November 28, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/acke2205.objs

---

objective or that it is excessive in relation to that purpose.'" Id. (quoting Kingsley, 576 U.S. at 397-98).

3