UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON ACKERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ELLIOTT, et al.,<br><br>        Defendants. | No.  2:21-cv-2205 WBS KJN P<br><br><br>ORDER AND ORDER MODIFYING SCREENING ORDER |

      Plaintiff is a former county jail inmate, now state prisoner, who proceeds pro se and in forma pauperis.  Defendants' motion for summary judgment is pending.  Defendants argued that plaintiff's rights under the Eighth Amendment were not violated and noted the screening order finding that plaintiff stated potentially cognizable Eighth Amendment claims.

      The Court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted).  Although courts have authority to reconsider prior orders, they "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)).  Other "courts have distilled various grounds for reconsideration of prior rulings into three major grounds for

justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." Louen v. Twedt, 2007 WL 915226 (E.D. Cal. March 26, 2007).

Here, review of the record demonstrates that at the time of the January 26, 2021 incident at issue herein, plaintiff was a pretrial detainee. Thus, plaintiff's claims are properly analyzed under the Fourteenth Amendment, which differs significantly from Eighth Amendment standards. See Castro v. Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (objective standard applies in evaluating excessive force claims brought by pretrial detainee); see also Gohranson v. Snohomish County, 2018 WL 2411756, *3-4 (W.D. Wash. May 29, 2018) (discussing evolution of laws governing pretrial detainee's constitutional claims). Such different governing standards requires that the Court modify the screening order to find that plaintiff states potentially cognizable claims under the Fourteenth Amendment. See Butler v. Anakalea, 472 F. App'x 506, 508 (9th Cir. March 19, 2012) (reversed and remanded "for the district court to apply the correct standard in the first instance.") Similarly, because the motion for summary judgment is understandably based on the wrong standards, the Court is unable to resolve such motion on the papers submitted. See Gohranson 2018 WL 2411756, at *2.

In light of the above, defendants' motion is vacated. Defendants are granted sixty days to file a motion for summary judgment based on the applicable Fourteenth Amendment standards. Such motion shall be briefed under Local Rule 230(l).

Accordingly, IT IS HEREBY ORDERED that:

1. The screening order is modified to read that the amended complaint states potentially cognizable Fourteenth Amendment claims for relief (ECF No. 15 at 1);

2. The motion for summary judgment (ECF No. 41) is vacated; and

3. Defendants are granted sixty days to file a motion for summary judgment based on Fourteenth Amendment standards, which shall be briefed under Local Rule 230(l).

Dated: January 5, 2024

acke2205.vac

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE